# JANUARY TERM, 1888.*

SIDSEL JOHNSON v. GEORGE R. FOWLER.

*Partnership—Dissolution and accounting—Equitable lien—Payment of partnership debts—Specific performance of agreement to convey joint property to one copartner.*[1]

This case involves questions arising upon the dissolution of a copart-nership and an accounting between the parties, one of whom was obligated to convey the joint property to the other upon payment of one-half of the agreed value of the land, and of the improve-ments made thereon ; and a statement of the points decided involves an abstract of the opinion, to which reference is had.

Appeal from Manistee. (Judkins, J.) Argued November 3, 1887. Decided January 5, 1888.

Bill filed to dissolve a partnership, and for an accounting, and the specific performance of the partnership agreement as to the conveyance of the joint real estate. Defendant appeals. Decree affirmed in part and reversed in part, and case remanded for further accounting, and the entry of a final decree in accordance with the opinion. The facts are stated in the opinion.

*D. S. Harley* and *A. J. Dovel,* for complainant.

*P. W. Niskern (S. W. Fowler,* of counsel), for defendant·

CHAMPLIN, J. Complainant filed her bill to dissolve a partnership, for an accounting and settlement of the partner-ship transactions, and for a specific performance of an agree-ment entered into between the parties as follows:

---

[1] For full digest of points decided, see *Table of Cases Reported.*

"This agreement, made this third day of September, A. D. 1884, by and between George R. Fowler, of the township and county of Manistee, State of Michigan, party of the first part, and Mrs. Sidsel Johnson, of the city and county of Manistee and State of Michigan, party of the second part, witnesseth:

"That whereas, said George R. Fowler is the owner in fee and is possessed of all that part of lot five (5) of section thirty-six (36) of township twenty-two (22) north, of range seventeen (17) west, in said township and county of Manistee, State of Michigan, lying and being south of the Allegan, Muskegon and Traverse Bay State road, excepting such parts thereof as he may heretofore have deeded away. The said premises, now belonging to said George R. Fowler, consist of a strip of land on the south side of said State road, one hundred feet wide and extending eighty rods along said State road, and bounded on the south by land of the Manistee Railroad Company, and extending easterly from said one hundred-feet strip eighty rods to the section line; thence south along said section line to the waters of the Manistee lake or river; thence westerly along said waters and the lands of said railroad company; thence northerly to said Allegan, Muskegon and Traverse Bay State road; all being part of said lot five of section thirty-six (36) aforesaid.

"Now, it is hereby mutually agreed by and between the parties aforesaid that a part of said one hundred-feet strip of land, to wit: Beginning ten (10) feet east of the small house thereon, now occupied by William Crew, and running thence easterly along the Allegan, Muskegon and Traverse Bay State road, where the same is now traveled, four hundred feet, being a parcel of land one hundred feet wide and four hundred long, lying and being along said State road, and part of said lot five (5) of section thirty-six (36) of township twenty-two (22) north, of range seventeen (17) west, in said county of Manistee,—shall be, and the same is hereby, set off, and, for the purposes of this contract, the same is valued at the sum of eight hundred dollars ($800).

"The said Geo. R. Fowler and said Mrs. Sidsel Johnson agree to build upon said 100 by 400 feet lot a dwelling-house suitable for a hotel, boarding house, and saloon; also a barn, to be used in connection therewith, and such other out-buildings, fences, and improvements as may be desirable or necessary in connection with the business to be carried on on said premises.

"Each party shall pay one-half of all the expenses of such

buildings and improvements, and shall advance the money for the same as needed in the course of building and improving, so that the expenses may be paid as they accrue. Said Sidsel Johnson, with her family, is to occupy said buildings and the premises, and shall manage the business there to be carried on.

"Her husband may act for her in all matters pertaining to this agreement. Said Geo. R. Fowler and said Mrs. Sidsel Johnson shall jointly pay all the expenses of said business, and shall each pay one-half of all such expenses and of all losses that may accrue, and each shall have and receive one-half of the net profits of all business conducted upon said premises.

"Correct books of account shall be kept of all business there transacted, and such books shall be opened to the examination of each partner at any reasonable time.

"Whenever said Mrs. Sidsel Johnson shall pay said George R. Fowler the sum of four hundred dollars, being one-half of the price of said 100 by 400 feet lot of land, then said George R. Fowler and his wife shall deed and convey to said Mrs. Sidsel Johnson, her heirs and assigns, the undivided one-half of said premises, and thereupon said George R. Fowler and said Mrs. Sidsel Johnson shall be tenants in common of said premises, with all the buildings and improvements thereon; and whenever said Mrs. Sidsel Johnson shall pay said George R. Fowler the further sum of four hundred dollars, being the balance of the purchase money for said 100 by 400 feet lot of land, and shall also in addition thereto refund and pay to said George R. Fowler all the money which he may have invested in the buildings and improvements of said lot, then said George R. Fowler and his wife shall convey said premises, with all the buildings and improvements thereon, by a good warranty deed, to said Mrs. Sidsel Johnson, her heirs and assigns, forever; and thereupon said Mrs. Sidsel Johnson shall be the sole owner of said premises in fee simple.

"All the remainder of the premises described in the preamble to this agreement, and not included in said 100 by 400 feet lot of land, shall be cultivated, fenced, and improved by said parties jointly, each paying one-half of the expense thereof, and each to have and receive one-half of the crops and produce raised thereon, together with one-half of all the fruit that may grow thereon.

"If any crop is raised by either party at his sole expense, he or she shall have the whole of such crop.

"This agreement to be and continue for the term of fifteen

years from the date hereof, unless said George R. Fowler should sell or convey any part of the land last mentioned, and then, as to the part sold or conveyed, this agreement to terminate, saving and reserving to each his or her share in the crops then growing thereon.

" The said parties shall come to a full accounting and settlement twice a year, to wit: on the first day of January and the first day of July; and if either shall have put into the buildings, improvements, and cultivation of the premises more than his or her share, he or she shall have interest on the excess over his or her share at the rate of seven per cent. per annum, but neither party shall have any compensation for the personal services of himself or herself, nor for the services of the husband of said Mrs. Sidsel Johnson.

" All taxes assessed upon said premises while the same are in the joint occupation of said parties shall be paid equally by said parties, share and share alike.

" In witness whereof the said parties have hereunto set their hands and seals on the day and year first above written.

" Signed, sealed, and delivered
in the presence of　　　　　GEORGE R. FOWLER. [Seal.]
" D. S. HARLEY,　　　　　SIDSEL JOHNSON.　　[Seal.]
" ANDREW JOHNSON."

Proofs were taken in open court, and a decree was entered as follows:

"At a session of said court, held at the court-house in the city and county of Manistee, on the sixteenth day of December in the year 1886.

" Present, Hon. J. BYRON JUDKINS, Circuit Judge.

" This cause came on to be heard at this term of said court upon the pleadings of the parties and the proofs taken in open court, and was argued by the counsel for the respective parties, and, mature deliberation being had thereon, it appears to the court:

" That on the fourth day February, in the year one thousand eight hundred and eighty-seven, the same being the date of this decree, there is due from the complainant to the defendant the sum of two thousand dollars, in full of all his just demands against the complainant, which sum includes the purchase price of the lot of land hereinafter described; also the money invested by the defendant in buildings and improvements made upon said premises; also his share of the net profits of the business carried on for the joint account of

the complainant and defendant, together with all allowance of interest justly due to the defendant; and also all other just demands of said defendant against the complainant.

"That upon the payment by the complainant to the defendant of the sum of two thousand dollars, with interest thereon at the rate of seven per cent. per annum, to be computed from the date of this decree, the complainant is entitled to have a legal title in fee simple of said premises, clear of all incumbrances placed thereon by the defendant.

"That the business carried on upon said premises for the joint account of the parties to this suit came to an end on the first day of May, in the year one thousand eight hundred and eighty-six, and that the joint business or copartnership relation between said parties should be held as dissolved upon said first day of May, in the year 1886.

"Therefore, on motion of A. J. Dovel and D. S. Harley, solicitors for the complainant, it is ordered, adjudged, and decreed that within ninety days from the date of this decree the said defendant shall cause to be removed from said premises all incumbrances by him at any time placed thereon, and the defendant and his wife shall execute their deed, and duly acknowledge the same, conveying said premises to the complainant, her heirs and assigns, forever, with the usual covenants of warranty, and that upon the complainant paying, or causing to be paid, to the defendant, the sum of two thousand dollars, with the interest thereon at seven per cent. per annum computed from the date of this decree, the defendant shall deliver such deed to the complainant, and thereby she shall be vested in fee simple of said premises, such payment to be made within ninety days from the date of this decree.

" The premises above referred to, and to be conveyed under the provisions of this decree, are described as follows, to wit: Beginning ten (10) feet east of the small house on the south side of the Allegan, Muskegon and Traverse Bay State road, lately occupied by William Crew, and running thence easterly along said State road for four hundred feet, where the said State road was traveled on the third day of September, in the year 1884, the same being the date of the written agreement between the parties to this suit, being a rectangular parcel of land one hundred feet wide and four hundred feet long, lying and being on the south side of said State road, and part of lot five (5) of section thirty-six (36) of township twenty-two (22) north, of range seventeen (17) west, in the county of Manistee and State of Michigan. The point of beginning above

mentioned is one hundred and fifty-nine feet easterly along the south line of said State road from the point where the west line of said lot five intersects the south line of said State road, as shown by the evidence in this suit.

"It is further ordered, adjudged, and decreed that if the complainant shall pay or tender to the defendant, within the time above limited, the sum of two thousand dollars, with interest thereon as aforesaid, and the defendant shall neglect or refuse to deliver such deed of said premises to the complainant, then this decree shall stand in place of such deed, conveying the above-described premises to the complainant, her heirs and assigns, forever, and the same may be recorded as such conveyance; and if the complainant, within ninety days from the date of this decree, shall neglect or refuse to pay or tender to the defendant the sum of two thousand dollars with the interest thereon, as aforesaid, then the said premises shall be sold at public sale to the highest bidder, upon such notice and in like manner as sales upon the foreclosure of mortgages under the decree of this court, and the proceeds of such sale shall be deposited with the register of this court, to be divided between the parties of this suit as their respective interests shall be made to appear to this court, under the further decree of this court to be made in the premises.

"It is further ordered, adjudged, and decreed that the complainant shall assume, pay, and discharge all indebtedness incurred on account of the buildings and improvements made upon said premises, and in the course of the business carried on for the joint benefit of the parties to this suit, and that such joint business shall be held to have terminated on the first day of May, in the year one thousand eight hundred and eighty-six, and that the copartnership between the complainant and the defendant be and the same is hereby dissolved.

"Each party to this suit shall pay his or her own costs and expenses of this suit, and neither party shall recover any costs of suit from the other.

"(Signed)    J. BYRON JUDKINS,
"(Countersigned)                    Circuit Judge.
    "J. P. BAXTER, Register.
    "*Dated the fourth day of February, A. D. 1887.*"

The testimony as to the amounts put into the concern by the respective parties is not very satisfactory, and we are not

disposed to change the result arrived at by the court below so far as the court went.

The agreement under which these parties operated constituted them partners in the venture, with an option to complainant to become a half owner and tenant in common of the land, and the still further option of becoming the sole owner, by complying with the requirements of the contract. The complainant asks for a dissolution of the partnership, and an accounting, and at the same time signifies her election to purchase the whole land, and become the sole owner thereof. To entitle her to do so, she must pay, in addition to the agreed price, all the money which defendant has invested in the buildings and improvements of the land. For this sum defendant would be entitled to an equitable lien as vendor, since it was contemplated that the purchase price should include the moneys invested for improvements as well as the contract price of the land.

It appears by complainant's showing that the entire net profits arising from the partnership business were by her applied in payment for improvements upon the land,—that is, in building the house and barn; and this appears to have been done without the knowledge or consent of defendant. No part of such net profits have been paid over to defendant, and no money appears to be on hand representing such profit, and no partnership assets of any account appear to remain. It follows that one-half of the profits thus applied belongs to defendant, and, as a consequence, his lien would cover his share of the moneys so invested.

In so far as the decree proceeds upon the ground that defendant has an equitable lien for the amount found due defendant, and authorizing a sale as in ordinary mortgage cases to satisfy the same, it is correct, although it should authorize the defendant to bid at the sale, and become the purchaser thereof, and it should provide for the payment of any surplus to complainant. But it is erroneous in directing

the moneys arising from the sale to be paid into court, to be divided between the parties as their respective interests may appear.

The money received from such sale must be applied to the payment of the amount due defendant, and the costs and expenses of the sale, and, if there be any surplus, it must be paid to complainant.

Complainant has no ownership or title in the land until she has paid the purchase price, or, in other words, the amount due defendant; neither has she any right to the moneys realized from the sale until after such amount is paid.

It appears from the testimony that certain indebtedness incurred by these parties in making the improvements contemplated by the contract has not been paid, but is still outstanding, and also that certain partnership debts have not been paid; and the decree declares that complainant shall assume, pay, and discharge all indebtedness of these kinds. But the amounts are not ascertained, so far as I can find from the proofs; and it is difficult to see how this decree protects defendant from liability, unless they were ascertained and included in the amount found due and payable to him.

Counsel for complainant in their brief say:

"The evidence shows that there is some outstanding indebtedness incurred in the course of building, and also in the business, but the full extent of the liabilities is not shown, and became immaterial upon complainant assuming all the debts."

We do not think it became immaterial. The assumption of the debts and the paying them are quite different things. Assuming the debts by complainant does not discharge defendant from liability to the creditor. He is not obliged to take the personal responsibility of the party, whether such party be financially responsible or not, for his indemnity.

These debts must be ascertained, and complainant must pay them within 90 days from the date of the final decree, which will be made after the further accounting is made and filed, and the payment thereof will be made a condition precedent to her right to demand or receive the deed of conveyance of said premises.

Complainant will also have 90 days from said final decree in which to make payment of the amount found due by the circuit court, with interest from the date of that decree, namely, the sixteenth day of December, A. D. 1886; and in default of paying said sum in said 90 days, and the aforesaid indebtedness, all and singular the premises described in the decree shall be advertised and sold in the same manner as lands are sold under a decree for foreclosure; and the parties shall be at liberty to bid at such sale; and the surplus, if any, shall be paid over to complainant, after paying expenses and costs of sale.

A decree will be entered here affirming the decree of the court below as to the dissolution of the partnership, as to the amount found due from complainant to defendant, and as to description of the land to be conveyed, and reversing it as to the residue, and remanding the cause to the circuit court for the county of Manistee, with directions to conclude the accounting by ascertaining the unpaid indebtedness, and to whom owing, and thereupon to enter a final decree in accordance with this opinion, embracing in said decree the usual provisions contained in decrees upon foreclosure of mortgages. The defendant will recover his costs in this Court.

SHERWOOD, C. J., and MORSE, J., concurred. CAMPBELL, J., did not sit.